IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE BERNARD ANDERS § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-08-CV-0648-M |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Bruce Bernard Anders, appearing *pro se*, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner challenges a determination by the TDCJ-PD of his eligibility for parole. After the Texas Court of Criminal Appeals denied post-conviction relief, petitioner filed this action in federal district court. Process has been withheld pending a determination of his *in forma pauperis* status.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant

-1-

in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he has $216.10 on deposit with prison officials. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## RECOMMENDATION

The application to proceed *in forma pauperis* [Doc. #8] should be denied. Petitioner should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE