IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE BERNARD ANDERS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0648-M |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bruce Bernard Anders, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.   For the reasons stated herein, the application should be

denied.

I.

In 1993, petitioner was convicted of aggravated sexual assault of a child and sentenced to 38

years confinement.  Over the last 16 years, petitioner has been denied parole three times.  At issue

in this proceeding is the most recent parole decision, issued on January 31, 2007, denying early

release to petitioner because of his history of committing violent criminal acts, which indicates a

conscious disregard for the lives, safety, or property of others, and the facts and circumstances of the

instant offense.[1]  After a federal writ of habeas corpus challenging that parole decision was dismissed

---

[1] Petitioner is a serial sex offender with three convictions for aggravated sexual assault of a child, one conviction for indecency with a child, one conviction for sexual assault, one conviction for attempted aggravated sexual assault, one conviction for sexual assault of a child, and one conviction for sexual performance by a child.

without prejudice for failure to exhaust state remedies, *see Anders v. Quarterman*, No. 3-07-CV-1142-N, 2007 WL 2915185 (N.D. Tex. Oct. 5, 2007), petitioner sought state post-conviction relief. His state writ was dismissed as successive by the Texas Court of Criminal Appeals. *Ex parte Anders*, WR-26,749-15 (Tex. Crim. App. Mar. 12, 2008).  Having exhausted his state remedies, petitioner now returns to federal court.[2]

II.

Petitioner raises three broad issues in six grounds for relief:  (1) the retroactive application of the Texas parole laws violates the *ex post facto* clause of the United States Constitution; (2) the parole board violated his right to due process; and (3) he should be released to mandatory supervision.

A.

In two related grounds, petitioner challenges the retroactive application of Tex. Gov't Code § 508.141(g) and Tex. Admin. Code § 145.12, the statute and regulation which allow the parole board to set off a review date for up to five years, and Tex. Gov't Code Ann. § 508.046, the statute requiring two-thirds of the parole board to vote in favor of releasing inmates who have been convicted of specified felonies.

1.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*,

---

[2] In a preliminary answer filed on June 24, 2008, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations.  The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, ___ F.Supp.2d ___, 2009 WL 3849647 at *2 (N.D. Tex. Nov. 16, 2009), *appeal filed*, Dec. 2, 2009 (5th Cir.) (No. 09-11180) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th

Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole).

However, retroactive changes in state parole laws may, in some instances, have *ex post facto*

implications. *See Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236

(2000). In the parole context, a change in the law violates the *ex post facto* clause of the United

States Constitution if it "alters the definition of criminal conduct or increases the penalty by which

a crime is punishable." *Wood v. Quarterman*, No. 3-08-CV-2283-N, 2009 WL 2015109 at *1 (N.D.

Tex. Jul. 10, 2009), *appeal filed*, Jul. 23, 2009 (5th Cir.) (No. 09-10743), *quoting Chambers v.

Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005).

2.

Under the law in effect at the time petitioner committed the underlying offense, the parole

board reviewed prisoners once a year and had authority to deny release, or set off parole, for up to

three years. *See Morris v. Aycock*, No. 09-10383, 2009 WL 3416243 at *2 (5th Cir. Oct. 23, 2009).

On January 1, 2004, the Texas Legislature enacted Senate Bill 917, which authorizes the parole

board to issue a five-year parole set-off date for certain serious offenses. *See Chambers*, 2005 WL

2045460 at *1. SB 917, which is codified at Tex. Gov't Code § 508.141(g), and Tex. Admin. Code

§ 145.12, provides, in pertinent part:

> The board shall adopt a policy establishing the date on which the
> board may reconsider for release an inmate who has previously been
> denied release. The policy must require the board to reconsider for
> release an inmate serving a sentence for an offense listed in Section
> 508.149(a) during a month designated by the parole panel that denied
> release. The designated month must begin after the first anniversary
> of the date of the denial and end before the fifth anniversary of the
> date of the denial. The policy must require the board to reconsider for

> release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2007).[3]  The policy adopted by the parole board pursuant to this statute provides:

> A case reviewed by a parole panel for parole consideration may be:
>
> * * * *
>
> denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off).  The next review date (Month/Year) for an offender serving a sentence listed in § 508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial.  The next review date for an offender serving a sentence not listed in § 508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial.

37 TEX. ADMIN. CODE ANN. § 145.12(2) (Vernon 2007).

    Neither Tex. Gov't Code § 508.141(g) nor Tex. Admin. Code § 145.12 negatively affects petitioner's *eligibility* for parole review.  Rather, the new law "merely changes the rules governing the timing of subsequent parole reviews."  *Chambers*, 2005 WL 2045460 at *2; *see also Wood*, 2009 WL 2015109 at *2; *Webb v. Quarterman*, No. 3-06-CV-2259-D, 2007 WL 4166159 at *2 (N.D. Tex. Sept. 13, 2007), *rec. adopted*, 2007 WL 4165716 (N.D. Tex. Nov. 21, 2007), *COA denied*, No. 07-11241 (5th Cir. May 29, 2008); *Mondy v. Quarterman*, No. 3-06-CV-2314-P, 2007 WL 30263 at *2 (N.D. Tex. Jan. 4, 2007), *COA denied*, No. 07-10189 (5th Cir. Jul. 19, 2007).  This change in policy "creates only the most speculative and attenuated risk of increasing the measure of . . . punishment." *Olstad v. Collier*, 326 Fed.Appx. 261, 264, 2009 WL 1116284 at *2 (5th Cir. Apr. 27, 2009), *citing*

---

[3] Petitioner is serving a 38-year sentence for aggravated sexual assault of a child, which is an offense listed under Tex. Gov't Code § 508.149(a).

*Garner*, 120 S.Ct. at 1369-70; *see also Morris*, 2009 WL 3416243 at *2 (noting that ability of parole board to impose a longer period between reviews does not necessarily mean that prisoner will be incarcerated for a longer period).  As a result, there is no *ex post facto* violation.[4]

3.

Nor does the retroactive application of Tex. Gov't Code Ann. § 508.046 violate the *ex post facto* clause.  Under the law in effect at the time the underlying offense was committed, the Texas parole board acted in panels of three, with two votes required to grant parole.  In 1997, the law changed to require at least two-thirds of the entire parole board, which now consists of seven members, to vote in favor of releasing prisoners, like petitioner, who have been convicted of specified felonies.  *See Kyles v. Quarterman*, 291 Fed.Appx. 612, 613, 2008 WL 4111405 at *1 (5th Cir. Aug. 27, 2008), *cert. denied*, 129 S.Ct. 1011 (2009), *citing Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008) (discussing changes in Texas parole laws).  The 2007 version of the law, which governed the action of the parole board in this case, provides:

> To release on parole an inmate who was convicted of an offense under Section 21.11(a)(1) or 22.021, Penal Code, or who is required under Section 508.145(c) to serve 35 calendar years before becoming eligible for release on parole, all members of the board must vote on the release on parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole.  A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole.

TEX. GOV'T CODE ANN. § 508.046 (Vernon 2005).  As best the court can decipher his argument, petitioner appears to contend that the retroactive application of section 508.046 makes the prospect

---

[4] The court notes that petitioner is scheduled for another parole review in January 2010, which is three years after his last review.  (*See* Pet. Mem. Br., Exh. 1).  Therefore, petitioner has not been prejudiced by the new law extending the maximum time between parole reviews from three years to five years.

of parole more remote, thereby increasing the punishment attached to his crime.

The Fifth Circuit has held that the retroactive application of section 508.046 does not facially violate the *ex post facto* clause. *See Wallace*, 516 F.3d at 354-56. However, this change in the parole procedure may have *ex post facto* implications if the prisoner can show that the retroactive application of the statute creates a sufficient risk of increased confinement. *See Kyles*, 2008 WL 4111405 at *1, *citing Wallace*, 516 F.3d at 356. This, in turn, requires proof that the "retroactive application will result in a longer period of incarceration than under the earlier rule." *Wallace*, 516 F.3d at 356, *quoting Garner*, 120 S.Ct. at 1370. Here, petitioner does not allege, much less prove, that he would have received at least two votes in favor of release, regardless of the size of the parole panel. To the contrary, at each of his parole reviews, the panel voted unanimously to deny early release. (*See* Resp. Ans., Exh. A). In view of these facts, petitioner cannot show that his continued confinement is a result of the retroactive application of section 508.046. *See Goodwin v. Dretke*, 150 Fed.Appx. 295, 300, 2005 WL 2404791 at *4 (5th Cir. Sept. 29, 2005) (rejecting *ex post facto* challenge to Texas parole procedure requiring super majority vote of entire parole board because prisoner failed to prove that results would have been different under the prior law).

### B.

Next, petitioner argues that the parole board violated his right to due process by: (1) failing to provide a valid reason for denying early release; (2) not giving him an opportunity to respond to false information in his file; and (3) misapplying its own rules mandating the annual review of parole decisions. As previously discussed, a prisoner has no constitutionally protected liberty interest in obtaining parole in Texas. *See Orellana*, 65 F.3d at 31-32. Because petitioner does not have a constitutional right to be conditionally released prior to the expiration of his sentence, he "cannot

mount a challenge against any state parole review procedure on procedural [ ] Due Process grounds."
*Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *see also*
*Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 31-32.

C.

Finally, petitioner contends that he should be released to mandatory supervision because his
calendar time and accrued good conduct time equal the maximum term of his sentence. Even if
petitioner has earned enough sentence credits to satisfy the requirements of the mandatory
supervision statute in effect at the time the underlying offense was committed, that same statute
provides that "[a] prisoner may not be released to mandatory supervision if the prisoner is serving
a sentence for . . . a first degree felony under Section 22.021, Penal Code (Aggravated Sexual
Assault)." TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(c) (Vernon 1996), *repealed by* Acts 1997,
75th Leg., ch. 165, § 12.22, *eff.* Sept. 1, 1997. Petitioner is serving a 38-year sentence for the first
degree felony offense of aggravated sexual assault of a child. Consequently, he is not eligible for
release to mandatory supervision.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner
provided by law. Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);
FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or
recommendation to which objection is made, state the basis for the objection, and specify the place
in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:   January 15, 2010.

                      JEFF KAPLAN
                      UNITED STATES MAGISTRATE JUDGE